## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **SENTENCING HEARING DATE** |
| | : | **November 6, 2012** |
| **vs.** | : | |
| | : | **Criminal No. 11-575-01** |
| **JEFFREY LYNN FORBES** | : | |

---

**Prepared for:**   **The Honorable Timothy R. Rice**
U.S. Magistrate Judge

**Prepared by:**   **Steven F. O'Meara, Esquire**
Attorney for defendant, Jeffrey L. Forbes

### SENTENCING MEMORANDUM

### PERSONAL AND WORK HISTORY

Jeffrey Forbes was born on January 28, 1960 in Pennsylvania. He has one brother. The defendant obtained his G.E.D. and enlisted in the United States Air Force in 1979. After four years of service with the Air Force, Mr. Forbes obtained an honorable discharge on November 6, 1983. He commenced working for Boeing in 1986 and has been a full time employee since that date. Presently, he has served in excess of 25 years as a full time employee with Boeing.

Mr. Forbes is married with one child. His son also works for the Boeing Company. The entire family resides in Middletown, Delaware.  My client has in the past and currently serves on the civic association board for his community.

In 1988, my client suffered a work related injury while employed at Boeing Company. This resulted in herniated discs. He soon thereafter developed arthritis.  Due to this back injury and other injuries, not only at work but outside of work, my client's physical condition has degenerated significantly over the years. He has developed arthritis in his hips and knees.  This makes it difficult for him to be ambulatory at times. Most recently in September of 2010, my client was in an automobile accident in which he was the victim. He suffered neck, back and shoulder injuries which were severe enough that he applied for and received a leave of absence. In March of 2011, he underwent surgery for his shoulder injuries.

Over the many years of chronic pain due to his back, neck and shoulder injuries as well as various and assorted other surgeries, he has been under the care and treatment of Dr.

Selina Y Xing of Newark, Delaware. This treatment does include regular prescribed doses of Oxycontin for pain management. As pointed out in the probation report, this chronic pain led the defendant to purchase additional narcotics included in the incident offense.

It is important to note that the defendant has always been a stable employee and rarely if ever, missed work without receiving the blessing of the personnel department from Boeing. There have been instances where he received a leave of absence due to injuries on the job or as I stated above, most recently a motor vehicle accident in September which led to his shoulder operation to repair tendons in his right shoulder.

My client is receiving pain management treatment which includes prescription oxycontin for his chronic pain. It is my understanding that my client is successfully lowering his dosage and is meeting his goals under his pain management treatment. He has done his best to live with this chronic pain without the past significant medication.

It is important to note that while at Boeing for the past 25 years, the defendant has had a successful career. He has been involved in the company's manufacture, research and development throughout these years. Mr. Forbes has already provided the probation department with examples of his numerous employment certifications, awards for exceptional and outstanding performance and contribution, and various awards for employee of the month. His regular reported job status has always been of an excellent nature. (Exhibit D-1)


## FINANCIAL ASSESTS

My client has worked for many years as stated above. Additionally, his wife is employed full time with AstraZeneca. They have over the years amassed assets. Unfortunately, their largest asset, their home, now exceeds the value of the home and is an "upside down mortgage". Their net worth basically encompasses a small bank account and a retirement fund through their 401K. They do not have the assets or the financial capability to pay any type of large fines.

Presently, Mr. Forbes current business income is $400.00 per month. This income is from a company which he started last spring. He is currently doing his best to obtain additional clients for his landscaping service company.

The family's net monthly cash flow is a negative ($1,000.00). This is slowly eating away at their small savings account.


## PRIOR AND CURRENT CRIMINAL HISTORY

It is important to note that Mr. Forbes has always led a law abiding life. My client has never been arrested or charged with any type of criminal action. To the contrary, he has always acted as a great American citizen. He has completed four years of service to his nation's military. He has worked at a steady job for over 25 years without any issues until this matter. He has never broken the law and has always been committed to that principal.

In this particular instance, Mr. Forbes has taken responsibility for his actions. He pled guilty to the misdemeanor offenses of attempted possession of controlled substances. This is evidenced by his plea before the Honorable Timothy R.Rice on July 29, 2012.

Mr. Forbes has been released on unsecured bond since his initial appearance before the court on September 29, 2011. For the last 13 months, Mr. Forbes has been stellar in following all rules and regulations of the United States Probation office. He has been seen on a regular basis by U.S. Probation Officer Angela Ramirez as well as U.S. Probation Officer Brett A. White.  It is my understanding he has not missed any appointments and his urine screens have been "clean".

Mr. Forbes has been under the supervision of several United States probation officers including Timothy Kraninsky, Liga Riddick, Angela Ramirez and Brett White. In discussions with the above, it is my understanding that they report no issues with regard to my client. He has been compliant with all office visits and home visits. All urine screens have been clean. Futhermore, he has unilaterally entered into a counseling service for his treatment. This has been reported to all of his probation officers. A copy of his initial report of February 2, 2012 (Exhibit D-2) is enclosed herewith as well as a current statement of treatment with Middletown Counseling Services (Exhibit D-3).


## CRIMINAL CHARGES

On or about September 29, 2011, Mr. Forbes was charged with three separate counts of attempted possession of oxycontin and fentanyl. These are class A misdemeanor offenses. Throughout testimony in these matters, there was never any mention by any witness of my client's activity prior to the month of September or any testimony that my client was a regular purchaser or attempted purchaser of any controlled substance on Boeing property or anywhere else. Per the testimony of the government's assisting witnesses (testimony taken by the court on July 11, 2012 and July 23, 2012). It is important to note that not one United States witness testified directly against my client with regard to missed time from work or any other issue.

In review of the pre-sentence investigation report prepared by Brett A. White, U.S. Probation Officer, I ask that the following correction be made. I have spoken with Mr. White and he agrees that this was a "typo" error. Specifically, under paragraph number 62 should read, client has not been convicted of Federal felonies. Therefore, he should not have to offer up a DNA sample.
It is important to note that my client has been on probation since September 29, 2011. This is almost 13 months of continuing probation. In discussions with all probation

officers, specifically Brett A. White, Angela Ramirez, Liga Riddick and Tim Kraninsky, my client has been compliant with all office visits and all home visitations. There have been no issues reported by probation. He has cooperated fully. Mr. Forbes urine screens have all been cleared except the initial one, which as explained to me had some form of controlled substance. It is my client's argument that these controlled substances were prescription mandated and within the limits and under the directions of his prescription.


## TREATMENT AND COUNSELING SERVICES

Mr. Forbes unilaterally moved forward with his own treatment services. This supplemented his discussions with the various members of the U.S. Probation Department. Mr. Forbes enrolled in and attended meetings and evaluations through Middletown Counseling Services. It should be noted under Exhibit D-3 dated February 2, 2012 and authored by counselor Megan Sartone, my client started treatment on or about November 1, 2011 and has "met regularly since". He was given an evaluation and diagnosis. This said diagnosis involved opiod abuse and physical problems including spine degeneration and other issues.

Goals were set up for Mr. Forbes and he has followed these goals in managing his issues. Under Exhibit D-3 dated October 23, 2012 from Middletown Counseling Services, this evidences the fact he has continued working on his treatment goals. He has been managing his pain in a healthy way and taking medications only as prescribed.

It is believed that Mr. Forbes's issues started prior to September 2011. He was prescribed medication for herniation of his discs in his neck. This is evidenced by the MRI which states he has compression of the right C7 nerve and disc herniation disc C5-C6. This was an ongoing issue and under the care and treatment of Dr. Selina Xing. After Mr. Forbes suffered injuries in a motor vehicle accident on September 17, 2010, he was forwarded to the care of a different doctor who treated him for neck, back, right shoulder pain and other issue relating to the motor vehicle accident. It is at this point that his addiction to pain medication started to take its toll. Again, he did have an operation for his right shoulder trauma in March 2011. It is my client's assertion that this pain medication was taken strictly so he could rest and sleep without interruption and perform well at his job the next day.


## ARGUMENT

On behalf of my client, I respectfully argue that he should receive consideration for resolution under section 3607. Mr. Forbes makes this argument based upon the following factors:

1. The charges against Mr. Forbes are all misdemeanor offenses which occurred within a short time of each other.

2. That the defendant served four years in our nation's military and received an honorable discharge (1979-1983).

3. That Mr. Forbes worked with an unblemished record for 25 years at Boeing. He advanced through the ranks and has always maintained excellent comments and recommendations from his various managers and supervisors.

4. He has never been charged for any criminal offense and his record is spotless.

5. He is married with a child. He is a family man and his son has followed in his footsteps also working at Boeing. He serves on the board of a civic association for his community and has done so for several years.

6. That he was not someone who chronically missed work other than forced due to medical conditions. It should be noted that in the past he suffered work injuries and treated through the Workman's Compensation act. Additionally, he was a victim in a motor vehicle accident in September 2010, for which he received a leave of absence for surgery and treatment to his right shoulder.

7. There is no evidence that Mr. Forbes ever met with a seller of a controlled substance at the Boeing Plant prior to September 9, 2011.

8. There is no evidence that Mr. Forbes used controlled substances at work, either in connection with these three transactions or on any other occasion. At no time during September 2011, or prior to that, did he receive any write ups for attendance or any other infractions. He incurred no recordable injuries during the course of the United States investigation.

9. Sadly, Mr. Forbes has suffered greatly due to a degenerative disc disease which affects his C5-C6 discs and as noted in his MRI, has a C7 nerve compression. It appears his need for pain medication and drug addiction started shortly after his motor vehicle accident in September 2010 while he was under the care of a personal injury doctor. Prior to that, he had been under the care of Dr. Xing, who seemed to have this managed and under control. The defendant has presently returned to the care of Dr. Xing and has continued to follow up with his pain medication.

10. That Mr. Forbes has unilaterally gone forward and entered into Middletown Counseling Services for treatment. He was diagnosed and given a treatment plan. It is noted in the exhibits that he has followed these treatment plans and has done very well. (Also, it should be noted that Mr. Forbes must submit urine screens to both Dr. Xing as well as Middletown Counseling Services to confirm his continuing treatment under the managed care plan.)

11. Perhaps most importantly, the defendant Jeffrey L. Forbes, has been on probation for a period of over 13 months through the U.S. Probation Department. In discussions with all four probation officers involved with his supervision, they report no issues and that he

has been compliant. His urine screens have been negative. He should continue on this path and live a crime free life.


Respectfully, the defendant, Jeffrey L. Forbes, asks that the court dismiss the proceedings against him without entering judgments of conviction and discharge him from probation at the expiration of a six month term.

Respectfully Submitted,


Steven F. O'Meara
Attorney for Jeffrey Lynn Forbes